UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

Law Offices
PARKER McCAY P.A.
Brian E. Caine
9000 Midlantic Drive, Suite 300
P.O. Box 5054
Mount Laurel, New Jersey  08054
(856) 810-5815
Attorneys for U.S. Bank National Association, not in its individual capacity but solely as trustee for the RMAC Trust, Series 2016-CTT, its successors and/or assigns

**Order Filed on January 29, 2017
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

In Re:

JOHN PADILLA
NICOLE ANN PADILLA

CASE NO.  15-33192
Chapter:  13
Hearing:  January 10, 2017
Judge:  KAPLAN

### ORDER RESOLVING U.S. BANK NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE FOR THE RMAC TRUST, SERIES 2016-CTT'S MOTION FOR RELIEF FROM STAY SUBMITTED UNDER THE 7-DAY RULE

The relief set forth on the following pages, numbered two (2) through three (3) is hereby **ORDERED**.

**DATED: January 29, 2017**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

**(Page 2)**
Debtors: John Padilla & Nicole Ann Padilla
Case No: 15-33192-MBK
Caption of Order: Order Resolving U.S. Bank National Association, not in its individual capacity but solely as trustee for the RMAC Trust, Series 2016-CT's Motion for Relief from Stay submitted under the 7-day rule

---

Upon consideration of U.S. Bank National Association, not in its individual capacity but solely as trustee for the RMAC Trust, Series 2016-CT, its successors and/or assigns, (hereinafter "Movant") application for an order, pursuant to section 362(d) of the Bankruptcy Code, for relief from the automatic stay as to certain real property as hereinafter set forth, and the Court noting the consent of the parties to the form, substance and entry of the within Order; and for cause shown, it is hereby;

**ORDERED** as follows:

1. As of January 10, 2017, the Debtors are due for the September 1, 2016 through and including January 1, 2017 post-petition payments which total **$7,784.94**:

    | | |
    |---|---|
    | 5 months @ $1,827.02 (9/16-1/17): | $9,135.10 |
    | Suspense: | ($1,350.16) |

    Said arrearages shall be cured by Debtors as follows:

    a) The Debtor shall submit a payment in the amount of $5,000.00 to Movant by January 20, 2017. If payment is not received by January 20, 2017, Movant may immediately file a Certification of Default with the Court, and said payment is not subject to the 30 day waiting period.

    b) Commencing with the February 1, 2017 monthly post-petition mortgage payment and continuing each month thereafter through and including the July 1, 2017 monthly post-petition mortgage payment, Debtors shall cure the aforesaid remaining arrearages ($2,784.94), by tendering directly to Movant the regular monthly post-petition mortgage payment plus an additional payment of $464.16 which represents 1/6 of the total sum of the post-petition arrearages.

**(Page 3)**

Debtors:  John Padilla & Nicole Ann Padilla

Case No:  15-33192-MBK

Caption of Order:  Order Resolving U.S. Bank National Association, not in its individual capacity but solely as trustee for the RMAC Trust, Series 2016-CT's Motion for Relief from Stay submitted under the 7-day rule

---

2. Commencing with the August 1, 2017 regular monthly post-petition mortgage payment and continuing each month thereafter for the duration of this Chapter 13 proceeding, Debtors shall remit payments directly to Movant as same come due.

3. Debtors shall reimburse Movant through their Chapter 13 Plan of Reorganization, as an administrative claim, the sum of $831.00 for attorney's fees and costs incurred by Movant in the prosecution of its application for relief from stay.

4. **Thirty-Day Default Clause:**  If the Debtors should default and fail to make the payments stated herein or any future payments that come due during the pendency of this case to Movant and/or to the Chapter 13 Trustee for more than (30) days from the due date or to the Chapter 13 Trustee, then upon certification of non-receipt of said payments in accordance herewith submitted by secured creditor's counsel, the Court shall enter a General Relief Order, vacating the automatic stay of 11 *U.S.C.* §362(a) with respect to secured creditor's enforcement of its State Law Foreclosure action against the realty commonly known as 215 Freehold Road, Jackson New Jersey 08527.  The Order submitted to the Court will not require the consent of the Debtors or the Debtors' counsel regarding form or substance, however, the trustee, Debtors and their counsel shall be given notice of any filing of a certification of non-receipt in accordance with Rule 9072-1 of the Local Rules of Bankruptcy Procedure.

5. If the case is converted to a Chapter 7, the Movant may file a Certification of Default with the Court and the Court may enter an Order granting Movant relief from the automatic stay.

6. Movant shall serve a copy of the executed order on all interested parties who have not yet been served electronically by the Court.